# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50442
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIK DANIEL BEJARANO-ORDONEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-634

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Erik Daniel Bejarano-Ordonez appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the 46-month within-guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). According to Bejarano-Ordonez, the guidelines range was too high to fulfill § 3553(a)'s goals because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50442

U.S.S.G. § 2L1.2 is not empirically based and effectively double counts a defendant's criminal record.  He also argues that the guidelines range overstated the seriousness of his non-violent reentry offense and failed to account for his personal history and characteristics, specifically, his cultural assimilation and motive for returning to the United States.

Although Bejarano-Ordonez acknowledges that we apply plain error review when a defendant fails to object to the reasonableness of the sentence imposed in the district court, he seeks to preserve the issue for further review.  Because Bejarano-Ordonez did not object to the substantive reasonableness of his sentence in the district court, plain error review applies.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

"When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the . . . § 3553(a) factors, we will give great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted).  "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

Bejarano-Ordonez contends that the presumption of reasonableness should not apply to sentences calculated under § 2L1.2 because the Guideline is not empirically based.  He acknowledges that his argument is foreclosed by circuit precedent but seeks to preserve the issue for further review.  As Bejarano-Ordonez concedes, we have consistently rejected his "empirical data" argument.  *See United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 & n.7 (5th Cir.

2009).    We  have  also  rejected  arguments  that  double-counting  necessarily renders a sentence unreasonable, *see Duarte*, 569 F.3d at 529-31, and that the Guidelines  overstate  the  seriousness  of  illegal  reentry  because  it  is  simply  a non-violent international trespass offense, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered Bejarano-Ordonez's mitigation arguments and  the  §  3553(a)  factors.    The  district  court  ultimately  concluded  that  a sentence at the bottom of the guidelines range was sufficient, but not greater than necessary, to satisfy the sentencing goals set forth in § 3553(a).  Bejarano-Ordonez's  assertions  that  §  2L1.2's  lack  of  an  empirical  basis,  the  double-counting  of  his  prior  conviction,  the  non-violent  nature  of  his  offense,  his cultural assimilation, and his motive for reentering justified a lower sentence are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*,  523  F.3d  554,  565-66  (5th  Cir.  2008);  *United  States  v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).  Therefore, Bejarano-Ordonez has failed to show that his 46-month within-guidelines sentence is substantively unreasonable, and there is no reversible plain error.  *See Campos-Maldonado*, 531 F.3d at 339.  The district court's judgment is AFFIRMED.